IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANA LYDELL SMITH, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>PHILLIP VALDEZ, et al., )<br>)<br>    Defendants. )<br>_____) | Case No. CV 08-432-S-EJL<br>(lead case)<br>Case No. CV 08-515-S-EJL<br>(consolidated)<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

Pending before the Court in the above-entitled matter is Defendants' Motion to Dismiss and/or for Summary Judgment (Docket No. 21), Plaintiff Dana Smith's ("Smith") Motion to Amend Through Supplemental Pleading (Docket No. 20), Plaintiff Smith's Motion to Stay This Action (Docket No. 24).

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record.  Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

**A.    Background**

Plaintiffs are presently incarcerated at the Idaho Correctional Center ("ICC"). The Court has previously determined Plaintiff Smith had set forth a cognizable claim for excessive force under the Eighth Amendment.  Docket No. 11.  The Court also determined

**MEMORANDUM DECISION AND ORDER- 1**

that Plaintiff Dennis Orr ("Orr') had set for cognizable claims for excessive force and inadequate medical care under the Eighth Amendment in civil case 08-515-S-EJL. Docket No. 5 in civil case 08-515-S-EJL. Because the two excessive force claims were based on the same incident, the two civil cases were consolidated. Docket No. 11. The Court precluded the parties from filing additional pleading until further order of the Court. *Id.* Defendants moved for reconsideration in order to file a motion to dismiss for failure to exhaust administrative remedies. Docket No. 14. The Court granted Defendants' motion to lift the stay on filings and ordered the Defendants to file their motion to dismiss within ten days of the Order. Docket No. 19.

The Defendants timely filed a motion to dismiss both complaints arguing the Plaintiffs have failed to exhaust their administrative remedies prior to filing their lawsuits. Docket No. 21. The Plaintiffs admit that they have not exhausted their administrative remedies, but claim they should be allowed to cure this procedural defect or the case should be stayed. The Court finds that as a matter of law the Complaints must be dismissed.

**B.     Standard of Review**

Because the Court is relying on affidavits to determine the facts of this case, the Court will treat the motion to dismiss and/or summary judgment as a motion for summary judgment. The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

**MEMORANDUM DECISION AND ORDER- 2**

Fed.R.Civ.P. 56(c).  A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See*, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "[T]he movant must make a prima facie showing that the standard for obtaining summary judgment has been satisfied." 11 Moore's Federal Practice, § 56.11[1][a] (Matthew Bender 3d ed.). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." *Gummo v. Village of Depew*, 75 F.3d 98, 107 (2d Cir.1996) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)), cert denied, 517 U.S. 1190 (1996).  The burden then shifts to the non-moving party to demonstrate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). To do this, the non-moving party must present evidence sufficient to support a jury verdict in its favor. *Anderson*, 477 U.S. at 249; see also, Fed. R. Civ. P. 56(e) ( "When a motion for summary judgment is made and supported as provided in this rule, and adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."). The underlying facts contained in affidavits, attached exhibits, and depositions, must be viewed in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Summary judgment is appropriate only where, "after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in

**MEMORANDUM DECISION AND ORDER- 3**

favor of the non-moving party ." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993). The parties may only carry their respective burdens by producing evidentiary proof in admissible form. Fed. R. Civ. P. 56(e). Moreover, since Plaintiff is proceeding *pro se*, the Court is required to construe his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994).

**C.    Exhaustion of Administrative Remedies**

Pursuant to the Prison Litigation Reform Act of 1995 (PLRA),[1] a prisoner is required to exhaust all of his administrative remedies within the prison system before he can bring a civil rights lawsuit challenging the conditions of his confinement. 42 U.S.C. § 1997e(a). "Proper" exhaustion of administrative remedies is required, meaning that "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). The *Jones v. Bock* Court noted that the important policy concern behind requiring exhaustion is that it "allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Id*. at 204.

Where there is an "informal[]" and "relative[ly] simpl[e]" prison grievance system, prisoners must take advantage of it before filing a civil rights complaint. *Woodford v. Ngo*,

---

[1] 110 Stat. 1321-71, *as amended*, 42 U.S.C. § 1997e, *et seq*.

**MEMORANDUM DECISION AND ORDER- 4**

548 U.S. at 103.  In *Woodford v. Ngo*, the prisoner had filed his grievance within six months of the incident at issue, rather than within fifteen days as required by the California Prison grievance system.  *Id*. at 86-87.  The Supreme Court rejected the Ninth Circuit's determination that the prisoner "had exhausted administrative remedies simply because no such remedies remained available to him."  *Id*. at 87.

Failure to exhaust remedies is an affirmative defense that should be brought as an unenumerated Rule 12(b) motion.  *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2002).  Therefore, the Court will consider Defendants' Motions as motions to dismiss, rather than motions for summary judgment.  In deciding a motion to dismiss for failure to exhaust administrative remedies, a court may look beyond the pleadings and decide disputed issues of fact.  *Id.* at 1119-20.  Defendants bear the burden of proving failure to exhaust.  *Brown v. Valoff*, 422 F.3d 926 (9th Cir. 2005).

**D.**     **Grievance Process of the Idaho Correctional Center (ICC)**

The ICC follows the Idaho Department of Corrections grievance procedures.  The ICC's grievance process consists of three stages.  First, any inmate with a concern is required to seek an informal resolution by filling out an Offender Concern Form, addressed to the staff person "most directly involved" with the inmate's issue.  Affidavit of Jennifer Gardner,

**MEMORANDUM DECISION AND ORDER- 5**

Docket No. 21-3 at ¶ 7. If the issue cannot be resolved informally through the use of a Concern Form, the inmate must then file a Grievance Form. *Id.* at ¶ 8.

When submitting a Grievance Form, the inmate must attach a copy of the Offender Concern Form, showing the inmate's attempt to settle the issue informally. The Grievance Form must contain specific information including the nature of the complaint, dates, places and names. *Id.* at ¶ 9. Staff must answer and return the Grievance Form within 10 days to the grievance coordinator who then forwards the grievance and response to a "reviewing authority" – usually a deputy warden. *Id.* The Grievance Form is filed with an electronic copy to the offender with the responses of the assigned staff member and the reviewing authority. *Id.*

If the decision on an inmate's grievance is not satisfactory to the inmate, the inmate may appeal that decision within five (5) days of receiving the response. Id. at ¶ 10. When the grievance coordinator receives an appeal, the appeal is logged, a response is received and forwarded to the offender. *Id.* at ¶ 11.

Prior to November 2007, the ICC did not keep records of grievances submitted by inmates if those grievances were not processed for some reason. Since November 2007, all grievances are logged and recorded, even those that are not processed. *Id.* at ¶ 14. Grievances are logged into a computer database, which is searchable by an inmate's name or IDOC number, or by year. *Id.*

**MEMORANDUM DECISION AND ORDER- 6**

**E.     Plaintiffs did not exhaust their administrative remedies.**

Jennifer Gardner, Grievance Coordinator at ICC testified that she reviewed the ICC grievance database, and there are no grievances that have been filed by either Plaintiff Smith or Orr that could be construed to be related to the allegations of that are the subject of this lawsuit.  Id. at ¶ 15.  Plaintiffs have provided no evidence to the Court that rebuts this finding by the ICC grievance records custodian.

1) Plaintiff Smith

Plaintiff Smith admits he did not exhaust his administrative appeals and claims it was due to the "continued retaliation of the staff for this action" and because his grievance forms and appeals forms were returned or lost.  Plaintiff Smith also says the Defendants waived their right to this defense by failing to file the motion within the time periods specified by the Federal Rules of Civil Procedure and that the actions should be stayed until Plaintiff has access to an adequate law library.

A) Retaliation

Plaintiff's first argument that Defendants did not allow grievances or appeals to be filed in retaliation for filing this lawsuit is not substantiated.   In order to establish a First Amendment retaliation claim, plaintiff must set forth five elements: (1) an assertion that a state actor took some adverse action against an inmate, (2) because of (3) that prisoner's protected conduct, and that such (4) acion chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).  In this case Plaintiff Smith

**MEMORANDUM DECISION AND ORDER- 7**

provides no dates, times, persons or places of any employee of the ICC that prevented him from filing a grievance. This mere allegation of retaliation is insufficient to establish that Defendants took retaliatory actions against Plaintiff Smith.

### B) Timeliness of Motion to Dismiss

Plaintiff Smith next claims the defense is waived due to the fact the motion to dismiss was not timely filed. Plaintiff Smith misconstrues the applicability of the Federal Rules of Civil Procedure and the Court's orders in this case. The Defendants did not have to file an answer or move to dismiss the Complaint until the Court has completed its initial review of the conditional filing. 28 U. S. C. § 1915A. The Court completed its review on March 9, 2009 and ordered that no further pleadings could be filed until ordered by the Court. Defendants moved to lift the stay and such relief was granted and the motion to dismiss was filed within ten (10) days as ordered by the Court. Docket No. 19. Accordingly, the motion to dismiss was timely filed and this objection by Plaintiff Smith is denied.

### C) Inadequate law library

Plaintiff Smith in his motion to stay (also deemed a response to the motion to dismiss), Docket No. 24, argues this Court should stay any decisions until he has access to an library that meets the minimal standards set forth under *Strickler v. Waters* for a law library. This argument is without merit as the motion to dismiss/summary judgment is factually driven –

**MEMORANDUM DECISION AND ORDER- 8**

did Plaintiff Smith file a greivance form and appeal regarding the excessive force incident set forth in the Complaint. Access to a law library is not necessary to respond to this motion.

Moreover, Plaintiff Smith has not been denied meaningful access to the courts as set forth in *Bounds v. Smith*, 430 U.S. 817, 828 (1977) and *Lewis v. Casey*, 518 U.S. 343 (1966). Plaintiff Smith has not established with detailed facts that he has been impaired in his ability to pursue his claims. Mere one sentence allegations that the law library is inadequate does not establish actual injury. This objection must also be denied by the Court.

### D) Grievance Form and Appeal

Plaintiff Smith has provided no evidence that he filed any grievance form or appeal regarding the incident involving his excessive force claim. Therefore, the claim must be dismissed.

### 2. Plaintiff Orr

Plaintiff Orr concedes he did not file any grievance form or appeal on his excessive force claim, but argues he should be allowed to file grievances now to cure the defect. The Supreme Court has ruled that the failure to exhaust administrative remedies cannot be cured by a late filing of a grievance that would be untimely under the ICC grievance procedures. *See Woodford v. NGO*, 548 U.S. 81 (2006).

Plaintiff Orr does not rebut the affidavit of Ms. Gardner that he did not file a grievance or appeal on his claim for inadequate medical care. The exhaustion requirements apply to both the excessive force and the inadequate medical care claim. Failure to provide evidence of exhaustion of administrative remedies on either claim cannot be cured and both

**MEMORANDUM DECISION AND ORDER- 9**

Plaintiff Orr's claims must be dismissed. Because the medical care claim is being dismissed without prejudice, the Plaintiff is free to file a new complaint after he exhausts his administrative remedies for his medical claims within the applicable statute of limitations.

## F. Conclusion

Therefore, there is no evidence that Plaintiffs filed any grievances or grievance appeals related to their lawsuits before this Court. Nor have Plaintiffs claimed they filed an unprocessed grievance form during the period before ICC began logging *all* grievances, processed or not, into the system. The Court finds that Plaintiffs did not file grievances, processed or otherwise, on the issue of excessive force or medical care.

Defendants have met their burden of showing that Plaintiffs did not exhaust their administrative remedies. Although Plaintiffs may have undertaken the first step of the grievance process--submitting an Offender Concern Form–they did not proceed past the first step in the administrative process. Therefore, Plaintiffs did not exhaust their administrative remedies, and the Court will dismiss the Complaints without prejudice.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Defendants' Motion to Dismiss and/or Motion for Summary Judgment (Docket No. 21) is GRANTED.

**MEMORANDUM DECISION AND ORDER- 10**

IT IS FURTHER HEREBY ORDERED that Plaintiff Smith Motion to Amend (Docket No. 20) is DENIED AS MOOT.

IT IS FURTHER HEREBY ORDERED that Plaintiffs' Complaints in the above-entitled matters are DISMISSED without prejudice.

DATED: **August 24, 2009**

~~Honora~~ble Edward J. Lodge
U. S. District Judge

MEMORANDUM DECISION AND ORDER- 11